1

2

3

4

5

6

7

8                **UNITED STATES DISTRICT COURT**

9        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11  CARLOS JAVIER GONZALEZ,              Case No. 5:26-cv-00357-JWH-AJR

12            Petitioner,

                                         **ORDER GRANTING**
13        v.                             **PETITIONER'S *EX PARTE***
                                         **APPLICATION FOR TEMPORARY**
14  KRISTI NOEM, Secretary,              **RESTRAINING ORDER [ECF**
        Department of Homeland Security, **No. 5]**
15  TODD LYONS, in his official capacity
        as Acting Director of U.S.
16      Immigration and Customs
        Enforcement,
17  PAM BONDI, Attorney General of the
        United States,
18  JAIME RIOS, Director, Los Angeles
        Immigration and Customs
19      Enforcement Field Office, and
    FERETI SEMAIA, Warden, Adelanto
20      Immigration and Customs
        Enforcement Processing Center,
21
            Respondents.
22

23

24

25

26

27

28

Before the Court is the *ex parte* Application of Petitioner Carlos Javier Gonzalez for a Temporary Restraining Order ("TRO") to enjoin Respondents Kristi Noem, Todd Lyons, Pam Bondi, Jaime Rios, and Fereti Semaia from continuing to detain him.  The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support, and in view of Respondents' lack of opposition,[1] the Court **GRANTS** Javier Gonzalez's Application as set forth below.

## I.  BACKGROUND

Javier Gonzalez, a native of Venezuela, was apprehended and taken into custody by border patrol on August 21, 2022.[2]  A day later, he was released on conditional parole into the United States where he has continued to reside.[3]  Javier Gonzalez's application for temporary protected status ("TPS") was approved on October 31, 2024, and it was valid until April 2, 2025, at which point Javier Gonzalez applied for re-registration of his TPS designation.[4]

On November 28, 2025, Javier Gonzalez was arrested by immigration authorities and placed into removal proceedings.[5]  Javier Gonzalez is currently being held at the Adelanto immigration detention center.[6]  On January 27, 2026,

---

[1]    The Court considered the documents of record in this action, including the following papers:  (1) Pl.-Pet.'s *Ex Parte* Appl. for TRO (the "Application") [ECF No. 5]; (2) Resps.-Defs.' Resp. to the Application (the "Response") [ECF No. 10]; and (3) Pl.-Pet.'s Pet. (the "Petition") [ECF No. 1].

[2]    Petition ¶¶ 16 & 18.

[3]    *Id.*

[4]    *Id.* at ¶¶ 19-21.

[5]    *Id.* at ¶¶ 22 & 23.

[6]    *Id.* at ¶ 23.

1  Javier Gonzalez filed this Petition, and one day later he filed the instant

2  Application.

3  ## II.  LEGAL STANDARD

4  A TRO preserves the *status quo* and prevents irreparable harm until a

5  hearing may be held on the propriety of a preliminary injunction.  *See Reno Air*

6  *Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).  The standard

7  for issuing a TRO is identical to the standard for issuing a preliminary

8  injunction.  *See Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp.

9  1320, 1323 (N.D. Cal. 1995).  "A preliminary injunction is an extraordinary and

10  drastic remedy; it is never awarded as of right."  *Munaf v. Geren*, 553 U.S. 674,

11  689 (2008) (citations omitted).  An injunction is binding only on parties to the

12  action, their officers, agents, servants, employees, and attorneys and those "in

13  active concert or participation" with them.  Fed. R. Civ. P. 65(d)(2).

14  A party seeking a TRO or a preliminary injunction must establish four

15  elements:  "(1) a likelihood of success on the merits, (2) that the plaintiff will

16  likely suffer irreparable harm in the absence of preliminary relief, (3) that the

17  balance of equities tip in its favor, and (4) that the public interest favors an

18  injunction."  *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069,

19  1071 (9th Cir.), *as amended* (Mar. 11, 2014) (citing *Winter v. Natural Res. Def.*

20  *Council, Inc.*, 555 U.S. 7, 22 (2008)).  When the nonmoving party is a

21  governmental entity, the last two *Winter* factors "merge."  *Nken v. Holder*, 556

22  U.S. 418, 435 (2009).

23  If the court issues a TRO, then it must also issue an order to show cause

24  why a preliminary injunction should not issue.  *See* L.R. 65-1.

25  ## III.  ANALYSIS

26  Javier Gonzalez argues that his detention violates his Fifth Amendment

27  constitutional due process right to liberty.  Specifically, Javier Gonzalez

28  contends that, as an alien who has been provided temporary protected status, his

detention violates his statutory right to be free from detention on the basis of his immigration status. *See* 8 U.S.C. § 1254a(d)(4). The Court concludes that Javier Gonzalez satisfies the *Winter* factors and, therefore, that it is appropriate to issue a TRO.

**A.    Likelihood of Success on the Merits**

Due process rights extend to noncitizens who are present in the United States, including those subject to final removal orders. *See Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

Javier Gonzalez argues that he is a recipient of temporary protected status pursuant to the October 3, 2023, designation of Venezuela for TPS. *See* Extension and Redesignation of Venezuela for Temporary Protected Status, 88 Fed. Reg. 68130 (Oct. 3, 2023) (the "2023 TPS Designation"). Javier Gonzalez is a national of Venezuela who has continuously resided in the United States since July 31, 2023, and, thus, he fulfills the 2023 TPS Designation requirements for initial applicants for temporary protected status. As proof of the approval of his TPS designation, Javier Gonzalez offers his employment authorization document, which authorizes his employment under a designation for aliens granted temporary protected status. *See* 8 C.F.R. § 274a.12(a)(12). However, when, on April 2, 2025, Javier Gonzalez timely sought to extend his TPS designation by 18 months as authorized by the January 17, 2025, Extension of the 2023 Designation of Venezuela for Temporary Protected Status, 90 Fed. Reg. 5961 (Jan. 17, 2025), his case status reflected that his existing TPS designation had been terminated by Secretary Noem's purported termination of the 2023 TPS Designation.[7] *See* Termination of the October 3, 2023, Designation of

---

[7]    Application 9:13-18.

-4-

1    Venezuela for Temporary Protected Status, 90 Fed. Reg. 9040 (Feb. 5, 2025)

2    (the "2023 TPS Termination").

3        The 2023 TPS Termination has been the subject of ongoing litigation in

4    the United States District Court for the Northern District of California, and, on

5    December 10, 2025, the court in *National TPS Alliance v. Noem*, 2025 WL

6    3539156 (N.D. Cal. Dec. 10, 2025), declared that the 2023 TPS Termination was

7    unlawful. *See id.* at *3. In view of that court's grant of declaratory relief and

8    Javier Gonzlaez's timely application to extend his TPS designation to October 2,

9    2026, the Court concludes that Javier Gonzalez retains his TPS designation.

10        Having concluded that Javier Gonzalez is an alien provided temporary

11    protected status under 8 U.S.C. § 1254a, the Court turns to the legality of Javier

12    Gonzalez's immediate detention. Subsection (d)(4) of 8 U.S.C. § 1254a is

13    unambiguous in providing that "[a]n alien provided temporary protected status

14    under this section shall not be detained by the Attorney General on the basis of

15    the alien's immigration status in the United States." Respondents have offered

16    no justification for their arrest and detention of Javier Gonzalez.[8] Accordingly,

17    the Court concludes that Javier Gonzalez's arrest and detention by immigration

18    authorities violates 8 U.S.C. § 1254a(d)(4), and, thus, Javier Gonzalez is likely to

19    succeed on the merits of his claim.

20    **B.    Irreparable Harm**

21        With regard to the likelihood of irreparable harm, the Court notes that

22    Javier Gonzalez has been unlawfully detained and deprived of his liberty. Thus,

23    he continues to be deprived of a fundamental constitutional right. "It is well

24    established that the deprivation of constitutional rights 'unquestionably

25    constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th

26    Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). The Court

27

28    [8]    *See generally* Response.

therefore concludes that Javier Gonzalez would be immediately and irreparably harmed by the continued deprivation of his liberty.

**C.    Balance of Equities and Public Interest**

Finally, with regard to the balance of the equities and public interest, the Court concludes that, because Javier Gonzalez challenges an action that is likely in violation of his constitutional rights, both the equities and the public interest favor the issuance of a temporary restraining order.  *See Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022) ("[N]either equity nor the public's interest are furthered by allowing violations of federal law to continue.").  Furthermore, "[g]enerally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution." *Zhang v. Barr*, 612 F. Supp. 3d 1005, 1017 (C.D. Cal. 2020). Accordingly, the Court finds that both factors weigh in favor of Javier Gonzalez.

**IV.  DISPOSITION**

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.    Javier Gonzalez's instant Application for a TRO [ECF No. 5] is **GRANTED**.

2.    Respondents are **TEMPORARILY ENJOINED** from continuing to detain Javier Gonzalez.  Respondents are **DIRECTED** to **RELEASE** Javier Gonzalez **FORTHWITH**.

3.    Respondents are **ORDERED** to **SHOW CAUSE** in writing no later than February 12, 2026, why a preliminary injunction should not issue.

4.    Javier Gonzalez is **GRANTED** leave to file an optional response no later than by 9:00 a.m. on February 17, 2026.

5.    An Order to Show Cause Hearing on why a preliminary injunction should not be issued is **SET** for February 17, 2026, at 2:30 p.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411

1  W. 4th Street, Santa Ana, California.  Counsel for the parties are **DIRECTED**

2  to appear in person at that date and time.

3      **IT IS SO ORDERED.**

4

5  Dated:_____

6          February 5, 2026

                                John W. Holcomb
UNITED STATES DISTRICT JUDGE